# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

ROBERT D. JACKSON,

    Defendant-Movant.
_____/

Criminal Case No. 14-20133
Civil Case No.16-12858

HON. DENISE PAGE HOOD

**ORDER DENYING MOTIONS UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
(Doc. Nos 57, 63, 64), ORDER DISMISSING CIVIL
CASE NO. 16-12858 and ORDER DENYING
CERTIFICATE OF APPEALABILITY**

## I. BACKGROUND

On November 17, 2014, Defendant pled guilty to one count of conspiracy to distribute 100 or more marijuana plants on or about June 1, 2010, in violation of 21 U.S.C. §§ 841(a) and 846. At the time, Defendant agreed that: (a) he was a career offender because of prior convictions for assault with intent to do great bodily harm less than murder and attempted delivery of a controlled substance; and (b) his applicable range pursuant to the U.S. Sentencing Guidelines (the "Guidelines") was 188-235 months, with a mandatory 60 month sentence. Defendant's Rule 11

plea agreement provided that he could not appeal his sentence if the sentence did not exceed the maximum term under the Guidelines (235 months). (Doc. No. 39, Para. 7). On May 21, 2015, the Court sentenced Defendant to 120 months in prison for one count of conspiracy to distribute a controlled substance. (Doc. No. 49).

On June 5, 2015, Defendant filed a Notice of Appeal concerning his sentence. (Doc. No. 50). On October 7, 2015, Defendant's appeal was dismissed by the Sixth Circuit due to the appeal waiver in his Rule 11 plea agreement. On August 3, 2016, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255, followed by amendments on February 14, 2017 and March 13, 2017. (Doc Nos. 57, 63, & 64). The motion to vacate was stayed for several months pending a ruling by the United States Supreme Court in *Beckles v. United States*, 137 S.Ct. 886 (2017). The Government filed a response to Defendants Section 2255 Motion on May 19, 2017, after the stay was lifted. (Doc. No. 66). Defendant filed replies on June 8, 2017 and June 12, 2017. (Doc. Nos. 67 & 68).

II. ANALYSIS

A. **Standard of Review**

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). Motions brought under 28 U.S.C. § 2255

are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Dunlap v. United States,* 250 F.3d 1001, 1004-05 (6th Cir. 2001). The AEDPA established a one-year limitations period for § 2255 motions, generally running from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a movant does not pursue a direct appeal to the court of appeals, the conviction becomes final on the date the time for filing such an appeal expires. *Sanchez-Castellano v. United States,* 358 F.3d 424, 428 (6th Cir. 2004). In order to prevail in a § 2255 motion, a petitioner "must allege three bases: (1) an error of constitutional magnitude; (2) a sentence imposed outside of the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir. 2001).

The court of appeals typically will not review a claim of ineffective assistance of counsel on direct appeal except in rare cases where the error is apparent from the existing record. *United States v. Lopez-Medina,* 461 F.3d 724, 737 (6th Cir. 2006). Under the Sixth Amendment, a defendant has a right to "have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. A defendant under the Sixth Amendment has a right to "reasonably effective assistance of

counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two prong test for ineffective counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown of the adversary process that renders the result unreliable.

*Id.* "There is a strong presumption that legal counsel is competent." *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989). In addition, a "reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. Counsel is not required to raise futile challenges in order to avoid a claim of

ineffective assistance. *McQueen v. Scroggy*, 99 F.3d 1302, 1328 (6th Cir. 1996).

Defendant alleges that the Guidelines used to sentence him are incorrect and he is actually innocent of being a career offender. He also argues that his constitutional right to effective assistance of counsel under the Sixth Amendment was violated because his counsel did not raise an argument regarding the constitutionality of his sentence on appeal and did not explain the consequences of Defendant's appeal waiver.

**B. Defendant was a Career Offender under the Guidelines**

　1. *Johnson* Analysis

Defendant alleges that the Guidelines range used to sentence him was incorrect because he is not a career offender. Under the Guidelines, a defendant is considered to be a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Guidelines §4B1.1(a) (2011).

A crime of violence means a state or federal offense punishable by more than one year of imprisonment that: (1) has as an element the use, attempted use, or

5

threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Guidelines §4B1.2(a) (2011). The second portion of subpart (2) ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is known as the residual clause of Section 4B.1.1(a). A controlled substance offense under Section 4B.1.1(a)(3) means the "manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." Guidelines §4B1.2(b) (2011).

Defendant argues that *United States v. Johnson*, 135 S.Ct. 2551 (2015), should apply in his case, but Defendant erroneously assumes that the *Johnson* court's determination regarding the residual clause of the Armed Career Criminal Act ("ACCA") should be applied when analyzing a defendant's career offender status under the Guidelines. In *Johnson*, the defendant pled guilty "to being a felon in possession of a firearm in violation of 18 U.S.C.S. § 922(g) and received a 15-year prison term under the Armed Career Criminal Act." *Id.* at 2253. The *Johnson* court held that the "residual clause" of the ACCA was unconstitutional

due to vagueness. The court reasoned that, "because the residual clause left grave uncertainty about how to estimate the risk posed by a crime and left uncertainty about how much risk it took for a crime to qualify as a violent felony," the clause was vague and unconstitutional. *Id* at 2257.

After the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague, it considered whether the residual clause under Section 4B1.2(a) of the Guidelines also was unconstitutionally vague. *Beckles v. United States*, 137 S.Ct. 886 (2017). In *Beckles*, the court stated that the Guidelines are advisory and serve only to assist a court "in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Id* at 892.

The Court concludes that *Johnson* is inapplicable to this case. First, Defendant's conviction was for assault with the intent to do great bodily harm less than murder. A conviction for assault with intent to do great bodily harm less than murder is considered to be a crime of violence because it has an element of physical force. For that reason, his underlying conviction does not fall within the residual clause. Second, even if a conviction for assault with the intent to do great bodily harm less than murder was treated as coming within the residual clause under the Guidelines, the Supreme Court held in *Beckles* that *Johnson* only applied

7

to the residual clause under the ACCA and not the residual clause under the Guidelines. *Beckles*, 137 S. Ct. at 890 ("we hold that the advisory Guidelines are not subject vagueness challenges under the Due Process Clause").

    2. *Mathis* Analysis

Defendant argues that his conviction for assault with the intent to cause great bodily harm less than murder does not qualify as a crime of violence. Relying on *Mathis v. United States*, 136 S.Ct. 2243 (2016). Defendant argues that, according to *Mathis*, the Court should use state law instead of federal interpretation of state law when looking at M.C.L. § 750.84. Defendant argues that physical force is not an element of Section 750.84 and that, because the elements of Section 750.84 are indivisible, a categorical approach is required. Defendant argues that if the categorical approach is applied to his assault with intent to cause great bodily harm less than murder conviction, it would not be a crime of violence.

The Government contends *Mathis* does not apply in this case, as the *Mathis* court's analysis centered on the ACCA and did not consider how a crime is determined under the Guidelines. The Government asserts that assault with the intent to cause great bodily harm less than murder is a crime of violence because it has the element of physical force, unlike the Iowa burglary statute in *Mathis*

(which involved the generic offense of a crime of violence, not one that required physical force).

The Sixth Circuit has held that a conviction of assault with intent to cause great bodily harm less than murder is a crime of violence under the Guidelines. *See United States v. Simmons,* 2009 U.S. App. LEXIS 11691 at *8 (6th Cir. Mich. June 1, 2009) ("Assault with intent to commit great bodily harm also meets the definition of a violent felony because it…has as an element the use of physical force against the person of another."). The Court concludes that the actions that resulted in Defendant's conviction for assault with intent to cause great bodily harm less than murder constituted a crime of violence, so *Mathis* does not apply in this case *vis a vis* that conviction.

Defendant next argues that, under *Mathis*, his conviction for attempted delivery of a controlled substance, less than 50 grams, does not rise to a controlled substance offense. Defendant asserts that the Michigan statute (M.C.L. § 333.7401 M.C.L. § 333.7401) has multiple means of committing the same crime -- making the statute broader than the scope of the Guidelines. Defendant contends that, since the statute is broader than the scope of the Guidelines, and there are multiple ways to commit the same offense, he cannot be considered a career offender under the Guidelines.

The Government counters that the "Guidelines specifically define a controlled substance offense to included state offenses." (Doc No. 66, Pg. ID 310). As the Government states, M.C.L. § 333.7401 contains separate offenses, not alternative means of committing the same offenses. Defendant committed the offense of attempted delivery of a controlled substance, less than 50 grams, which the Sixth Circuit has held constitutes a "controlled substance offense" under the Guidelines. *See, e.g., United States v. Tibbs*, 685 F.App'x 456, 462-64 (6th Cir. 2017).

The Court finds that Defendant's drug conviction qualifies as a controlled substance offense for purposes of the Guidelines. Under the Guidelines a person must "manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." Guidelines §4B1.2(b) (2011). As the *Tibbs* court recognized, M.C.L. § 333.7401 "contains separate offenses and not alternative mean of committing the same offense," *Tibbs,* 685 F.App'x at 463, so the Government can use a defendant's conviction for the attempted delivery of a controlled substance offense when seeking to enhance the Guidelines. The Court also rejects Defendant's argument that the word "create" under M.C.L. § 333.7401 is broader than the conduct that satisfies the definition of a "controlled substance offense." The

Guidelines specifically prohibit the "manufacture" of a controlled substance – and manufacture and create are synonymous. *See* https://www.merriam-webster.com/dictionary/manufacture (defining the verb "manufacture" to mean "create").

   3. *Conclusion*

For the reasons set forth in Sections II.B.1. and II.B.2., the Court concludes that Defendant qualifies as a career offender under the Guidelines.

   A. **No Ineffective Assistance of Counsel**

Defendant alleges that his counsel was ineffective for failing to raise any *Johnson* arguments on appeal. Defendant argues that, under *Johnson* and *Sawyer v. Whitley*, 505 U.S. 333 (1992), he is not a career offender. Defendant states that he did not receive notice from his attorney that the appeal had been dismissed. He alleges that, if his attorney had notified him of the dismissal, Defendant would have submitted a supplemental brief arguing his *Johnson* claim.

Defendant next claims that his attorney did not explain to him the collateral consequences of agreeing to the appeal waiver, so it should not be enforced. Defendant argues that he never would have agreed to the waiver if he knew that his right to appeal and collateral attack of his sentence would be waived. He believes the waiver was invalid because, when he agreed to the plea, he was not aware of

11

the sentence that would be imposed or that the residual clause would be held unconstitutional.

The Court is not persuaded by Defendant's arguments. First, an attorney is not constitutionally ineffective for failing to raise a non-meritorious claim. *See, e.g., McQueen v. Scroggy*, 99 F.3d 1302, 1238 (6th Cir. 1996). As *Johnson* did not apply to Defendant's case, pursuing *Johnson* arguments on appeal would have been futile. Accordingly, Defendant's counsel's failure to raise any Johnson arguments did not prejudice Defendant's appeal. Second, even if a *Johnson* argument would have had merit, the waiver in the plea agreement barred Defendant's counsel from raising the issue on appeal.

Third, the Court finds that Defendant had knowledge of the appeal waiver, as the appeal waiver was expressly discussed on the record at his plea hearing. Specifically, when identifying the terms of Defendant's Rule 11 plea agreement, the Government's attorney noted that part of the plea agreement was that Defendant would give up his right to appeal his sentence if it did not exceed the maximum of the Guidelines range ("Defendant is agreeing that he is waiving his right to appeal his conviction. He is also waiving his right to appeal his sentence so long as the Court sentences him within the guideline range."). (Doc No. 52, Pg ID 175). Defendant was asked if those were the terms of his plea, and he agreed that

12

they were. Finally, Defendant was sentenced to 120 months, far below the maximum under his Guidelines.

The Court finds that Defendant knowingly, voluntarily, and intelligently waived his right to appeal and was not denied effective assistance of counsel.

## III. CERTIFICATE OF APPEALABILITY

Rule 22 of the Federal Rule of Appellate Procedure provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court must issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir. 1997).

For the reasons set forth above, the Court finds that a certificate of appealability will not be issued in this case since the arguments raised by Defendant in his § 2255 motion are without merit.

## IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motions to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Criminal Case No. 14-20133, Doc. Nos. 57, 63, and 64, filed August 3, 2016, February 14, 2017, and March 13, 2017, respectively]** are **DENIED.**

IT IS FURTHER ORDERED that the Motion Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Civil Case No. 16-12858]** is **DISMISSED with prejudice.** The civil case is and shall be designated as **CLOSED** on the Court's docket.

IT IS FURTHER ORDERED that a certificate of appealability shall not be issue in this case.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: December 19, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 19, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager