**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

ROBERT D. JACKSON,

    Defendant-Movant.

_____/

Criminal Case No. 14-20133
Civil Case No.16-12858
HON. DENISE PAGE HOOD

**ORDER DENYING DEFENDANT'S MOTION**
**UNDER RULE 59(e) [Dkt. No. 71] and**
**MOTION FOR RECONSIDERATION [Dkt. No. 72]**

## I. INTRODUCTION

Defendant filed a motion pursuant to 28 U.S.C. § 2255 with respect to the Court's determination that he was a habitual offender under the Sentencing Guidelines. Presently before the Court are Defendant's Motion under Rule 59(e) [Dkt. No. 71] and Motion for Reconsideration [Dkt. No. 72] of the Court's December 19, 2017 denial of his Section 2255 motion. [Dkt. No. 69]

## II. ANALYSIS

**A.**    **Rule 59(e)**

Federal Rule of Civil Procedure 59(e) states, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice. *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).

**B.     Local Rule 7.1(h)**

"A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. L.R. 7.1(h)(1). In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D.Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v. Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *1

(E.D. Mich. Mar. 15, 2013). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

**C.     Analysis**

Defendant's motions are timely filed, but neither motion identifies a palpable defect by which the Court and the parties were misled or presents an argument that supports the granting of his Section 2255 motion.

Defendant's argument that his conviction for "attempted delivery of a controlled substance" should not serve as a prior felony conviction for a controlled substance offense – and for purposes of being a career offender under the Sentencing Guidelines – "merely present[s] the same issues ruled upon by the Court" in its December 19, 2017 Order. E.D. Mich. L.R. 7.1(h)(3). The cases he relies upon, *People v. Anderson*, 509 N.W.2d 548 (Mich. Ct. App. 1993) and *People v. Vance*, 2008 Mich.App. LEXIS 707 (2008), are not new cases, nor do they establish that a conviction for attempted delivery of controlled substances is not a conviction of a controlled substance offense. And, although it is an unpublished case, the Sixth Circuit's decision in *United States v. Tibbs*, 685 F. App'x 456, 462-64 (6th Cir. 2017) (holding that the delivery of a controlled substance, less than 50 grams, is a "controlled substance offense" under the Guidelines), is binding on this Court.

3

Defendant's arguments based on *United States v. Mathis*, 136 S.Ct. 2243 (2016), are equally unavailing. First, *Mathis* addressed the Armed Career Criminal Act, not the Guidelines. Second, as set forth in the December 19, 2017 Order, M.C.L. § 33.7401 contains separate offenses, not alternative means of committing the same offenses (as Defendant argues). Defendant's suggestion that the Court should not have relied on *United States v. Simmons*, 329 F. App'x 629 (6th Cir. 2009), because it was decided before *Johnson v. United States*, 559 U.S. 133 (2010), is not persuasive because the *Simmons* court's determination that assault with intent to commit great bodily harm constituted a violent felony was based on the "elements clause of the guidelines," not the residual clause. *See, e.g. United States v. Chaney*, 2017 WL 3499936, at *5 (E.D. Mich. Aug. 16, 2017).

For the reasons stated above, the Court finds that Defendant generally fails to offer any new arguments in his motions and that, where new argument has been offered, it is not persuasive. The Court is not persuaded that there was any palpable defect by which it or the parties were misled, and Defendant has not demonstrated any clear error of law, newly discovered evidence, or intervening change in controlling law. Defendant also has not shown that the December 19, 2017 Order must be altered to prevent manifest injustice.

The Court denies Defendant's Motion under Rule 59(e) and his Motion for Reconsideration.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion under Rule 59(e) [Dkt. No. 71] is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion for Reconsideration [Dkt. No. 72] is **DENIED**.

IT IS SO ORDERED.

                S/Denise Page Hood
                Denise Page Hood
                Chief Judge, United States District Court

Dated: May 31, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2018, by electronic and/or ordinary mail.

                S/LaShawn R. Saulsberry
                Case Manager