# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

ROBERT D. JACKSON,

    Defendant-Movant.

_____/

Criminal Case No. 14-20133
Civil Case No.16-12858
HON. DENISE PAGE HOOD

## ORDER REGARDING
## DEFENDANT'S FILINGS [Dkt. Nos. 74, 75, 76, 77]

**I.**    **INTRODUCTION**

Defendant filed a motion pursuant to 28 U.S.C. § 2255 with respect to the Court's determination that he was a habitual offender under the United States Sentencing Guidelines (the "Guidelines"). The Court denied Defendant's § 2255 Motion on December 19, 2017. Defendant then filed, and the Court denied, a Motion under Rule 59(e) and a Motion for Reconsideration [Dkt. No. 73]. Since then, three matters filed by Defendant have been entered on the Court's docket: (1) "Notice of Correction to the Rule 59(e), and or Under Fed. Rules of Evid. In Light of <u>Sessions v. Dimaya</u>" [Dkt. No. 74]; (2) "Jackson Moves Under Fed. R. Evid. 201" [Dkt. No. 75]; (3) "Jackson Moves For The Court To Take Notice Of <u>Townsend</u> and the

Petition for Re-Hearing in Glass" [Dkt. No. 76]; and (4) "Jackson Moves For The Court to Take Notice Under Fed. R. Evid. Rule 201(d), and F.R. Civ. P. Rule 52(b) In Light Murphy v. NCAA, And Rosale-Mireles v. United States" [Dkt. No. 77].

## II.     ANALYSIS

### A.     Rule 59(e)

Federal Rule of Civil Procedure 59(e) states, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice. *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).

### B.     Analysis

Defendant cites numerous recent (and some older) cases in his four filings, all of which pertain to rulings regarding "residual clauses" and/or whether an "attempted" delivery of a controlled substance constitutes a "controlled substance offense" for purposes of determining whether he is a career offender under Section 4B1.1(a) of the Guidelines. Cases cited by Defendant include, in the order in which he cited them: *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018); *United States v. Simmons*,

329 F. App'x 629 (6th Cir. 2009); *Mathis v. United States*, 136 S.Ct. 2243 (2016); *United States v. Prater*, 766 F.3d 501 (6th Cir. 2014); *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016); *Beckles v. United States*, 137 S.Ct. 886 (2017); *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *United States v. Winstead*, 890 F.3d 1082 (D.C. Cir. 2018); *James v. United States*, 550 U.S. 192 (2007); *United States v. Glass*, 904 F.3d 319 (3d Cir. 2018); *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018); *Murphy v. NCAA*, 138 S.Ct. 1461 (2018); and *Rosales-Mirales v. United States*, 138 S.Ct. 1897 (2018). The Court has addressed most of Defendant's arguments in two previous Orders, *see* Dkt. Nos. 69 and 73, and Defendant's substantive arguments are not new. For the reasons set forth in those two Orders, *Simmons, Mathis,* and *Beckles* do not support Defendant's arguments.

In the current filings, Defendant also argues that his conviction for attempted delivery of a controlled substance should not have been counted in calculating whether he was a career offender for purposes of Section 4B1.1(a) of the Guidelines. Defendant's best argument relies on the D.C. Circuit's decision in *Winstead*. In *Winstead*, the D.C. Circuit concluded that Section 4B1.2(b) of the Guidelines:

> presents a very detailed "definition" of controlled substance offense that clearly excludes inchoate offenses. *Expressio unius est exclusio alterius*. Indeed, that venerable canon applies doubly here: the Commission showed within § 4B1.2 itself that it knows how to include attempted offenses when it intends to do so. *See* USSG § 4B1.2(a)(1) defining a

3

"crime of violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force ....").

*Winstead*, 890 F.3d at 1091.

As referenced by the *Winstead* court, Section 4B1.2(b) defines "controlled substance offense" as:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Section 4B1.2(b) does not include the word "attempt" or "attempted," unlike the definition of "crime of violence in Section 4B1.2(a), which expressly provides that the "attempted use . . . of physical force against the person of another" punishable by at least a year in prison constitutes a "crime of violence."

If Defendant were convicted and sentenced in the D.C. Circuit, *Winstead* would be binding on this Court. As the *Winstead* court noted, however, the Sixth Circuit holds that attempted delivery of a controlled substance constitutes a "controlled substance offense" for purposes of Section 4B1.2 and calculating whether a defendant is a career offender under Section 4B1.1(a), consistent with this Court's prior rulings. *See Winstead*, 890 F.3d at 1091 (noting that the Sixth Circuit, among other Circuits,

4

"defer[red] to Application Note 1 when applying § 4B1.2" (citing *United States v. Solomon*, 592 F.App'x 359, 361 (6th Cir. 2014)).[1] As the Sixth Circuit has held that "'controlled substance offense' includes attempt to commit a controlled substance offense," *Solomon*, 592 F. App'x at 361, Defendant cannot succeed in this Court on his argument that his conviction for attempted distribution of a controlled substance should not be counted for purposes of calculating whether he is a career offender.

For the reasons set forth above and in the Orders at Docket Entries 69 and 73, the Court denies Defendant the sentencing relief requested by Defendant in Docket Entries 74, 75, 76, 77.

Rule 22 of the Federal Rule of Appellate Procedure provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court must issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability

---

[1] Application Note 1 to Section 4B1.2 states: "'**Crime of violence**' and '**controlled substance offense**' include the offenses of aiding and abetting, conspiring, and *attempting* to commit such offenses." (bold in original; underline and italic added).

5

indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997).

For the reasons set forth above, the Court is persuaded that Defendant is entitled to a Certificate of Appealability on the issue of whether his underlying conviction for attempted delivery of a controlled substance should be treated as a "controlled substance offense" pursuant to Section 4B1.2 of the Guidelines, such that he would be a career offender under the Guidelines. Although Sixth Circuit law clearly provides that his underlying conviction for attempted delivery of a controlled substance should be treated as a "controlled substance offense" for purposes of determining whether Defendant is a career offender pursuant to Section 4B1.2 of the Guidelines, the D.C. Circuit's opinion in *Winstead* presents a reasonable basis for challenging whether the Sixth Circuit's holding in *Solomon* should continue as the controlling law for the Sixth Circuit.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that the following filings made by Defendant are **DENIED**: (1) "Notice of Correction to the Rule 59(e), and or Under Fed. Rules of Evid. In Light

of Sessions v. Dimaya" [Dkt. No. 74]; (2) "Jackson Moves Under Fed. R. Evid. 201" [Dkt. No. 75]; (3) "Jackson Moves For The Court To Take Notice Of Townsend and the Petition for Re-Hearing in Glass" [Dkt. No. 76]; and (4) "Jackson Moves For The Court to Take Notice Under Fed. R. Evid. Rule 201(d), and F.R. Civ. P. Rule 52(b) In Light Murphy v. NCAA, And Rosale-Mireles v. United States" [Dkt. No. 77].

IT IS FURTHER ORDERED that a certificate of appealability is granted in this case on the following issue: "Should Defendant's underlying conviction for attempted delivery of a controlled substance be treated a 'controlled substance offense' for purposes of determining whether he is a career offender under Section 4B1.2 of the United States Sentencing Guidelines?"

IT IS SO ORDERED.

S/Denise Page Hood  
Denise Page Hood  
Chief Judge, United States District Court  

Dated: November 21, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 21, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry  
Case Manager